IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**HAKEEM CURRY**                                                           **PETITIONER**

**V.**                                           **CIVIL ACTION NO. 3:19CV295 CWR-LGI**

**WARDEN CHERON NASH**                                        **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Hareem Curry's petition for habeas relief under 28 U.S.C. § 2241. Curry is currently in federal custody serving a term of imprisonment imposed by the United States District Court for the District of New Jersey on multiple counts, including nine counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Following the affirmance of his conviction and the denial of his 28 U.S.C. § 2255 motion, Curry now seeks to utilize the savings clause of § 2255(e) to challenge his money laundering conviction based on *Regalado Cuellar v. United States*, 553 U.S. 550 (2008). Because Curry's claim fails to satisfy the savings clause of § 2255(e), the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

A federal prisoner may seek post-conviction relief under either § 2241 or § 2255, but the mechanisms are distinct. *St. Junius v. Boyle*, 729 F. App'x 326 (5th Cir. 2018) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). A § 2255 petition is "the primary means of collaterally attacking a federal sentence" and is properly brought in the district of conviction, while a § 2241 petition "is used to challenge the manner in which a sentence is executed" and is properly brought in the district of incarceration. *Robinson v.*

*United States*, 812 F.3d 476 (5th Cir. 2016) (internal quotation marks and citation omitted)). A § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which was raised, or could have been raised, in a § 2255 motion filed in the district of conviction.[1] However, if a prisoner can show that the § 2255 remedy would be "*inadequate or ineffective to test the legality of [the prisoner's] detention*," he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause of 2255(e). *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (emphasis in original) (citation omitted). Section 2241 is not a mere substitute for § 2255, however, and a § 2241 habeas petitioner bears the burden of proof. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010). If the § 2255 remedy is not shown to be inadequate or ineffective, then the district of incarceration lacks jurisdiction to entertain the § 2241 petition.

To invoke the savings clause, a petitioner must show: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that the petitioner may have been convicted of a nonexistent offense; and, (2) that it was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, direct appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Relying on the first *Reyes-Requena* factor, Curry argues that his claims fall within the savings clause of 28 U.S.C. § 2255(e) because *Cuellar v. United States* changed how

---

[1] "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985), 28 U.S.C. § 2242-2243. At the time of filing, Petitioner was in the custody of the Federal Correctional Institute-Low in Yazoo City. Although he has since been transferred to a new facility, this court has jurisdiction to entertain his § 2241 petition, notwithstanding his transfer to a different facility and custodian. *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

key terms in the money-laundering statue under which he was convicted are interpreted. 18 U.S.C. § 1956(a)(1)(B)(i). He specifically claims that *Cuellar* "establishes that his money laundering convictions do not fall within the design to conceal element" of the statute, and therefore he was "potentially convicted of a non-criminal offense." The Fifth Circuit has made clear that "new decisions interpreting federal statutes that substantively define criminal offenses automatically apply retroactively . . . ." *Garland*, 615 F.3d at 396. However, contrary to Curry's contention that § 2255 was structurally inadequate because his post-conviction counsel could not have anticipated a change in the law, *Cuellar* was decided in 2008 before Curry's § 2255 motion was filed and could have been litigated on post-conviction review. Likewise, *United States v. Richardson*, 658 F.3d 333 (3d Cir. 2011)—the Third Circuit precedent upon which Curry relies to assert that his *Cuellar* claim was foreclosed—was also decided before Curry's § 2255 motion was filed. As such, it too could have been raised in the district of his conviction in his § 2255 motion.² As there was nothing structurally inadequate about § 2255 as a vehicle for this argument, Curry's petition is subject do dismissal for these reasons alone.

      Curry's claim also fails because *Cuellar* "did not decide that the conduct leading to [his] conviction was an act that the law does not make criminal, which is the required

---

² Curry makes no attempt to explain how *Richardson* foreclosed his claim nor how it is applicable to him. There, the court ruled that there was insufficient evidence to establish that Richardson, the drug kingpin's fiancé, knew that the financial transactions were designed to conceal the nature, location, source, ownership, or control of the drug money. The court expressly noted that [e]vidence of a purpose to conceal can come in many forms, including . . . using third parties to conceal the real owner." *Richardson*, 658 F.3d 333. As Respondent points out and as further discussed herein, Curry is the drug kingpin here, and there was overwhelming evidence establishing his guilt in this regard.

showing under the actual innocence prong of the savings clause test." *Blum v. Wilson*, 855 F. App'x 219 (5th Cir. 2021) (quoting *Reyes-Requena*, 243 F.3d at 904–05) (internal quotation marks omitted). As noted, Curry was convicted of violating 18 U.S.C. § 1956(a)(1)(B)(i). The concealment prong of § 1956(a)(1) requires the government to establish that the financial transactions are "designed . . . to conceal or disguise the nature, the location, the source, the ownership, or the control" of the money involved. 18 U.S.C. § 1956(a)(1)(B)(i); *see United States v. Brown*, 553 F.3d 768, 786 (5th Cir. 2008). To establish the design element, the government must demonstrate that the charged transactions had the purpose, not merely the effect, of "mak[ing] it more difficult for the government to trace and demonstrate the nature of th[e] funds." *Brown*, 553 F.3d at 787 (citing *Cuellar*, 553 U.S. 550). Simply put, the government had to prove that Curry "(1) conducted or attempted to conduct a financial transaction, (2) which [he] knew involved the proceeds of unlawful activity, and (3) with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of unlawful activity." *Wilson v. Fox*, 544 F. App'x 377 (5th Cir. 2013) (citation omitted).

      Though the "designed to conceal" language is the same, the relevant statutory provision in Curry's case criminalizes financial transaction*s* designed to conceal, whereas the provision in *Cuellar* criminalizes transportation or transfers designed to conceal proceeds to, or through, foreign lands. *See* 18 U.S.C. § 1956(a)(2)(B)(i). *Brown*, 553 F.3d at 787. In *Cuellar*, the defendant hid money in secret compartments of his car in order to transport it undetected over the United States-Mexico border. *Cuellar*, at 553–54. The Court noted, however, that *"how* one moves the money is distinct from *why* one

moves the money." 553 U.S. at 566. There was no evidence indicating that "the transportation was designed to conceal anything about the money; the concealment, rather, served the goal of transportation." *Brown*, 553 F.3d at 787. Because there was insufficient evidence that Cuellar intended to conceal the nature, the location, the source, the ownership, or the control of the money, the Court reversed the conviction. *Cuellar,* at 568.

In contrast, as the sentencing court explained in its denial of Curry's 2255 motion, the evidence of Curry's guilt was overwhelming. Such evidence included (1) "134 wiretapped conversations involving Curry and his co-conspirators demonstrating that Curry and his co-conspirators were operating a large-scale, highly lucrative drug trafficking organization;" (2) "evidence seized from Curry's drug stash house and other locations utilized by the organization, including drug records, drug paraphernalia, ammunition and a firearm;" (3) "expert testimony that coded language contained in wiretapped calls [were] related to drug trafficking;" and, (4) Curry's use of straw-purchasers to obtain luxury automobiles and businesses with drug proceeds titled or incorporated in someone else's name—"one of the methods used by drug dealers to launder illicit proceeds." *Curry v. United States*, No. CIV.A. 11-5800 FSH, 2015 WL 733274, at *2 (D.N.J. Feb. 20, 2015). [3] Indeed, as the sentencing court noted on post-

---

[3] *See also Brown*, 553 F.3d at 787 (evidence sufficient for concealment money laundering where "transactions were in cash so that they were not easily tracked" and "[m]ost deposits were below ten thousand dollars so as to avoid setting off any reporting requirements that might then lead to unwanted attention concerning the funds' nature"); *United States v. Valdez*, 529 F. App'x 396, 398 (5th Cir. 2013) ("Testimony from former Cartel members about the organization's large-scale and intricate use of intermediaries, stash houses, and cash transactions (involving money traceable to prior drug deals), indicates the existence of an agreement to commit money laundering."); *Cf. United*

5

conviction review: "The same drive, determination, intelligence and charm [Curry] exhibited through the hundreds of hours of wiretapped calls and witness descriptions were the character traits that created an exceptionally profitable drug empire, where his will prevailed over all others." *Id.* at *23. Because the evidence established that Curry's financial transactions were designed to conceal the nature, source, location, ownership, or control of the proceeds from said empire, *Cuellar* has no effect on his money-laundering convictions. Accordingly, he does not meet the criteria required to support a claim under the savings clause of § 2255.

In sum, nothing Curry presents in his petition establishes that he was convicted of a non-existent offense, and none of his remaining arguments are relevant or warrant application of the savings clause exception. Absent the savings clause, this Court is without jurisdiction to consider his § 2241 petition. For these reasons, the undersigned recommends that the petition be dismissed with prejudice for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of

---

*States v. Valdez*, 726 F.3d 684, 690 (5th Cir. 2013) ("None of the transactions pointed to by the government show a specific intent to conceal the nature, location, source or ownership of the funds used. Valdez did not use false names, third parties, or any particularly complicated financial maneuvers, which are usual hallmarks of an intent to conceal.").

the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on April 20, 2022.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE